# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| PLATTE VIEW FARM, LLC, | ) | 05-12365-SBB |
| Tax ID 84-1572960 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| COLORADO FIRST CONSTRUCTION CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Miscellaneous Proceeding No. |
| | ) | 06-00023-SBB |
| UNITED STATES DEPARTMENT OF | ) | |
| HOUSING AND URBAN DEVELOPMENT; | ) | |
| ALPHONSO JACKSON, in his capacity | ) | |
| as Secretary of the United States Department | ) | |
| of Housing and Urban Development; and | ) | |
| MIDLAND LOAN SERVICES, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER REGARDING JURISDICTION

THIS MATTER comes before the Court *sua sponte*. On August 1, 2006, this Court conducted a hearing in the underlying bankruptcy proceeding on Platte View Farm, LLC's ("Debtor") Motion to Approve a Settlement Between Colorado First Construction ("CFC") and Debtor (Docket # 40 in this Miscellaneous Proceeding). During the hearing, the parties advised the Court of the potential impact the Settlement had with respect to the within Miscellaneous Proceeding. The Court permitted the parties to brief the issue. On September 1, 2006, Midland Loan Services, Inc. ("Midland") filed its Memorandum Concerning the Jurisdiction of the Bankruptcy Court (Docket # 46) and CFC filed its Memorandum Regarding Jurisdictional Issue Raised During August 1, 2006 Hearing (Docket # 47). On September 5, 2006, the United States Department of Housing and Urban Development, Alphonso Jackson, in his Capacity as Secretary of the United States Department of Housing and Urban Development (together "HUD") filed its Brief on Jurisdiction Pursuant to the Court's August 1, 2006 Order (Docket # 49). On September 19, 2006, HUD filed its Response Brief on Jurisdiction (Docket # 52). The Court, having reviewed the pleadings and being advised in the matter, makes the following proposed findings

of fact, conclusions of law, and Order.

For the reasons stated herein, this Court makes the proposed conclusion that it no longer has "related to" jurisdiction of this matter and, therefore, it has no jurisdiction over this Miscellaneous Proceeding. The Court further concludes that it cannot make a final determination with respect to withdrawal of reference of this Miscellaneous Proceeding from this Bankruptcy Court to the District Court on its own and this matter must be presented to the District Court for its consideration with respect to whether the reference of this Miscellaneous Proceeding must be withdrawn.

### I.     Findings of Fact

On February 11, 2005, Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code.

On April 25, 2005, CFC filed a suit against HUD and Midland in the United States District Court for the District of Colorado (the "CFC Lawsuit").

On July 6, 2005, HUD filed a Motion to Dismiss the CFC Lawsuit. In the Motion to Dismiss, HUD requested that the District Court transfer the CFC Lawsuit to the United States Bankruptcy Court for the District of Colorado as a "related to" proceeding pursuant to D.C. COLO.L.CIVR 84.1. Thereafter, Midland joined in HUD's request. The District Court granted HUD's Motion to Dismiss on February 15, 2006 by written Order of the Court ("February 15, 2006 Order") whereby the District Court stated:

> HUD contends that CFC's actions to recoup money owed is related to the bankruptcy proceeding because it involves the same claims, parties and transactions, and under numerous scenarios could impact the bankruptcy estate. For example, since CFC is a creditor of PVF for $1.6 million, its recovery in this action could undermine its effort to recover in the bankruptcy action, leaving more of the estate for other creditors. Conversely, this court's determination that CFC does not have a right to recovery could effect CFC's chances of recovery in the bankruptcy proceeding. This court could also make HUD pay the holdback directly to PVF, which would increase the funds available for distribution in the bankruptcy proceeding.
>
> CFC does not dispute that its claims are related to the bankruptcy proceeding.
>
> ...
>
> For the reasons outlined above, I find and conclude that CFC's claims are related to a matter in bankruptcy. Under 28 U.S.C. § 157 and D.C.COLO.L.CIVR 84.1(A) and (D) I refer CFC claims 1, 2, 4, and 5 against HUD and claims 1, 4, 5 and 6 against Midland (claim 2 against Midland has been dismissed) to the bankruptcy

judge. However, I refer them only for the purpose of making proposed findings of fact and conclusions of law. I retain *de novo* review of the bankruptcy judge's recommendations, and retain the right to order a jury trial consistent with CFC's Seventh Amendment rights.[1]

On April 12, 2006, this Court entered its Order confirming the Debtor's Chapter 11 Plan of Reorganization.

On June 1, 2006, the Debtor and CFC reached a complete and final resolution of the controversies between them. The Court approved their settlement on August 1, 2006.

On September 5, 2006, CFC file a Motion to Dismiss the Adversary Proceeding styled: *Colorado First Construction Co. v. Platte View Farm, LLC, et al.,* Adv. Pro. No. 05-01458-SBB ("Adversary Proceeding"). The Motion to Dismiss was filed consistent with the settlement entered in the underlying bankruptcy case. On September 6, 2006, this Court entered the Order Dismissing the Adversary Proceeding.

## II.   Discussion

### A.   The Bankruptcy Court No Longer has Jurisdiction of this Miscellaneous Proceeding

HUD and Midland in their briefs on jurisdiction concur that this Court no longer has jurisdiction over the Miscellaneous Proceeding in light of the confirmation of the Debtor's Chapter 11 Plan of Reorganization and, now, the dismissal of the Adversary Proceeding. CFC, on the other hand, suggests that once this Court has jurisdiction over a matter, this Court cannot be divested of jurisdiction by subsequent events.[2] This Court, consistent with Tenth Circuit precedent, disagrees.

The Tenth Circuit in *Gardner v. United States (In re Gardner)* has addressed the limited jurisdiction of bankruptcy courts in "related to" proceedings and when that jurisdiction may terminate:

> Bankruptcy courts ... have jurisdiction over related proceedings, under the authority of 28 U.S.C. § 1471(b), which confers jurisdiction on district courts for cases related to title 11 proceedings. *In re Fietz*, 852 F.2d 455, 456 (9th Cir.1988); *see also* 28 U.S.C. § 157. Related proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court. *In re Colorado Energy Supply, Inc.*, 728 F.2d 1283, 1286 (10th Cir.1984). "[T]he test for determining whether a civil proceeding is related

---

[1]   February 15, 2006 Order at 10-11.

[2]   CFC's Brief ¶ 8, at 2.

in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984) (emphasis omitted). Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate. *Id.*; *see also In re Wood*, 825 F.2d at 93 (related matters conceivably have effect on administration of bankruptcy estate); *In re Dogpatch U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir.1987) (same); *In re Bobroff*, 766 F.2d 797, 802 (3d Cir.1985) (same).

A bankruptcy court has jurisdiction over disputes regarding alleged property of the bankruptcy estate at the outset of the case. *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir.1987). **When property leaves the bankruptcy estate, however, the bankruptcy court's jurisdiction typically lapses**, *In re Hall's Motor Transit Co.*, 889 F.2d 520, 523 (3d Cir.1989); *In re Xonics, Inc.*, 813 F.2d at 131; *In re Muller*, 72 B.R. 280, 284 (C.D.Ill.1987), *aff'd*, 851 F.2d 916 (7th Cir.1988), *cert. denied*, 490 U.S. 1007, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989), **and the property's relationship to the bankruptcy proceeding comes to an end.** *See In re Hall's Motor Transit Co.*, 889 F.2d at 523. **Thus, the bankruptcy court lacks related jurisdiction to resolve controversies between third party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy**. *In re Shirley Duke Assocs.*, 611 F.2d 15, 18 (2d Cir.1979).[3]

Until recently, there was the pending Adversary Proceeding before this Court that involved virtually the same parties and factual allegations as in this Miscellaneous Proceeding.[4] The Adversary Proceeding has been dismissed and this jurisdictional link has been severed.

Moreover, the Debtor has confirmed its Chapter 11 Plan of Reorganization and the Debtor has no role in the pending Miscellaneous Proceeding. CFC contends that because the estate remains open due to Debtor's appeal of this Court's denial of the Debtor's objection to HUD's claim, this Court has jurisdiction of the Miscellaneous Proceeding. Indeed, this Court retains jurisdiction over the bankruptcy case to implement the terms of the confirmed Chapter 11 Plan of Reorganization and to conclude administration thereof.[5] However, the test in determining whether this Court has jurisdiction over the Miscellaneous Proceeding is not whether the bankruptcy case remains open, but whether the Miscellaneous Proceeding will

---

[3]    913 F.2d 1515, 1518 (10th Cir. 1990) (emphases added).

[4]    The Court notes that the Miscellaneous Proceeding did not include another defendant joined in the District Court action, Mr. Gerald Kessell.

[5]    *See* 11 U.S.C. § 1142.

"conceivably have any effect on the estate being administered in bankruptcy."[6] Based upon the pleadings before the Court, it does not appear that any party has identified any nexus between the Miscellaneous Proceeding and the open Chapter 11 case so as to conceivably have any effect on the administration of the bankruptcy case.

The Miscellaneous Proceeding *solely* involves a conflict between two parties involving disputes unrelated to this bankruptcy case.  Consequently, based upon the representations of counsel for all the parties related to this Miscellaneous Proceeding and this Court's review of the underlying bankruptcy case and Adversary Proceeding, the Court concludes that the outcome of this Miscellaneous Proceeding will have no effect the Debtor or on the administration of the confirmed Chapter 11 Plan of Reorganization.  Thus, this Court lacks jurisdiction to either hear or decide the dispute between two parties that does not directly or indirectly affect the debtor or property of the estate.[7]

### B.     Withdrawal of Reference

In effect, the matter before the Court is now clumsily postured as a matter pending in the Bankruptcy Court, to which this Court believes it has no jurisdiction.  Moreover, this Court does not believe that it can make a final determination with respect to withdrawing reference and reinstating the Miscellaneous Proceeding to the District Court and be in accord with 28 U.S.C. § 157(d).[8]  Consequently, and in compliance with the February 15, 2006 Order and FED.R.BANKR.P. 9033, this Court makes the above findings and conclusions for review by the District Court to consider withdrawal of reference of this Miscellaneous Proceeding from this Bankruptcy Court to the District Court.

## III.    Order

IT IS THEREFORE ORDERED that this Court makes the proposed finding and conclusion that it has no jurisdiction over the Miscellaneous Proceeding.  The Court cannot make a final determination with respect to withdrawal of reference on its own and this matter must be presented to the District Court for its consideration with respect to whether the reference

---

[6]     *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990).

[7]     *In re Alexander,* 49 B.R. 733, 736 (Bankr.D.N.D. 1985).

[8]     28 U.S.C. § 157 states that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

*See also,* FED.R.BANKR.P. 5011.

of this Miscellaneous Proceeding must be withdrawn.

       IT IS FURTHER ORDERED that the Clerk of the Bankruptcy Court shall transmit this Order and the record of this Miscellaneous Proceeding to the Clerk of the United States District Court for hearing before the District Court.

       Dated this 11th day of October, 2006.

       BY THE COURT:

       _____
       Sidney B. Brooks,
       United States Bankruptcy Judge