IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Action No. 06-CV-02030 - LTB

IN RE:

PLATTE VIEW FARM, LLC,
        Debtor

COLORADO FIRST CONSTRUCTION CO.,
        Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT;
ALPHONSO JACKSON, in his capacity as Secretary of the United States Department of
Housing and Urban Development; and
MIDLAND LOAN SERVICES, INC., a Delaware corporation,
    Defendants.
_____

**Order**
_____

This Order addresses the Proposed Findings of Fact and Conclusions of Law of the Bankruptcy Judge (Docket #1) dated October 11, 2006.

This case involves several inter-related proceedings. On April 25, 2005 plaintiff Colorado First Corporation ("CFC") filed a complaint in federal court, Case No. 05-CV-755, making tort and contract claims against the United States Department of Housing and Urban Development ("HUD"), Alphonso Jackson, in his official capacity as Secretary of HUD, and Midland Loan Services ("Midland.") On June 10, 2005 the Bankruptcy Court opened an adversary proceeding between the same parties on many of the same issues, Case No. 05-01458-SBB.  These cases both involved claims relating to transactions with Platte View Farms ("PVF") which had filed a Chapter 11 bankruptcy proceeding in the Bankruptcy Court, as Case No. 05-12365-SBB.

In an Order February 15, 2006 in Case 05-CV-755, I transferred certain claims by CFC to the Bankruptcy Judge because they were related to the adversary proceeding. The Bankruptcy Court, in response to this Order opened a Miscellaneous Proceeding, 06-0023-SBB to consider these referred claims.  In the February 15, 2006 Order I retained *de novo* review over the recommendations of the Bankruptcy Judge on the claims I transferred in order to preserve CFC's 7th Amendment right to a jury trial.

The Bankruptcy Judge now finds and concludes that the Bankruptcy Court lacks jurisdiction over the claims I transferred because the Bankruptcy Judge has dismissed the Adversary Proceeding and has confirmed PVF's Chapter 11 Plan of Reorganization. Because I retained *de novo* review authority over the claims I transferred, the Bankruptcy Judge is unable to make a final ruling on his jurisdiction, and has referred his recommendation to federal district court, creating Case No. 06-CV-2030. At a Hearing in this Court November 8, 2006 plaintiffs and defendants stipulated that the findings and conclusions of the Bankruptcy Judge should be approved, and the claims referred to the Bankruptcy Court should be resolved in this court, in Case No. 05-CV-755.

Therefore, based on my *de novo* review authority, I accept the findings and conclusions of the Bankruptcy Judge and find and conclude that the Bankruptcy Court lacks jurisdiction over the Miscellaneous Proceeding.

It is so Ordered that

    1) the findings and conclusions of the Bankruptcy Judge (Docket No. 1) are APPROVED,

   2) The reference of the Miscellaneous Proceeding to the Bankruptcy Court is WITHDRAWN, and

   3) Case No. 06-CV-02030 is DISMISSED.

**DONE and ORDERED,** this   8th   day of November, 2006 at Denver, Colorado.

               s/Lewis T. Babcock
               United States District Chief Judge